

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

**GERALD C. MANN**
ATTORNEY GENERAL

April 3, 1939

Honorable Joe J. Fisher
District Attorney
San Augustine, Texas

Dear Sir:

Opinion No. 0-506

Re: Whether Board of Trustees of
Consolidated Common School
Districts have authority to
contract with a superintendent
on a twelve months basis.

We are in receipt of your letter of March 6, 1939, wherein
you request our opinion in response to the following three questions:

1. Does the board of trustees have the authority to
contract with a superintendent of a consolidated common
school district on a twelve months basis?

2. If so, should the contract begin as specified in
Article 2781, or should it begin at some other date?

3. If the Board of Trustees for a consolidated common
school district does not have the authority to make a
twelve months contract, would the school district be lia-
ble for the extra three months, where a twelve months con-
tract has been made?

Article 2781, Revised Civil Statutes, to which you refer
relates to teachers' contracts made by boards of trustees of cities,
towns and independent school districts and provides that "all
twelve months contracts made by trustees of independent school
districts with employees herein mentioned shall begin on July 1st
and end on June 30th of the year terminating the contract." From
your letter we gather that the district to which you refer is
governed not by Article 2781, but by Article 2809, Revised Civil
Statutes, the applicable parts of which read as follows:

"The board of trustees so elected shall employ a
superintendent for the district, who shall be elected for
one year or for two years as the trustees may determine,

and who, in addition to his duties as superintendent,
shall be a teacher in one of the elementary schools or
the high school of the district. . . . Contracts between
the trustees and the district superintendent and teachers
shall be in writing and subject to the approval of the
county superintendent of the county wherein such district
is situated."

Referring briefly to Article 2781, you will notice that
same does not in its terms authorize the making of twelve months
contracts by trustees of independent school districts, but rather
proceeds upon the assumption that such contracts could be made,
and rightly so we think. Article 2809 provides for the employment
of a superintendent for a term of one year or for two years as the
trustees may determine. The statute does not undertake to set out
in detail just what the contract shall contain. It does not require
that the teacher or superintendent shall be paid monthly for twelve
months or monthly for nine months only. If the parties should agree
to it, there is nothing to prevent their contract being for the
superintendent to receive his year's salary in twelve monthly
installments. It is immaterial that he may be in active service
only nine months during the year. Even though he were otherwise
entitled to receive the whole year's pay during the nine months of
active service, nevertheless, it would be within his power to post-
pone the accrual of a part of that salary so that same shall fall
due during the three summer months that he is not in active service.
The superintendent having agreed to that, it would be a matter of
which the school district having so contracted could not complain.
Our answer to your first question, therefore, is in the affirmative.

It has already been noted that Article 2781 does not apply
to the district under consideration. Even if it did, it has been
held in the case of Smith v. Martin Independent School District,
85 S. W. (2) 853, that a superintendent would not be precluded from
recovering on a twelve months contract, notwithstanding the beginning
date is fixed at a date other than July 1st. Our answer to your
second question, therefore, is that it is not necessary to the
validity of the contract that the beginning date of the same shall
be July 1st. In view of the above answer to your first two questions,
there is no need to answer the third.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Glenn R. Lewis*

Glenn R. Lewis
Assistant

GRL:N

APPROVED

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS